Diane Audas COLLINS, Plaintiff,

v.

Bobby FRANKLIN, Defendant.

No. 2:00CV00044.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 3, 2000.

Timothy Worth McAfee, McAfee Law Firm, P.C., Norton, VA, for Plaintiff.

Edward Gaines Stout, Jr., Bressler, Curcio & Stout, Jimmy Delp Bowie, Bowie & Bates, Bristol, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The defendant has moved to dismiss this Title VII sexual harassment claim on the ground that the defendant is not an employer and thus is not liable under the law. I agree and will dismiss the federal cause of action, but I will retain jurisdiction of certain of the state law claims because of diversity of citizenship and amount in controversy. I further find that at this stage of the litigation the plaintiff has adequately pleaded valid state law causes of action, although I will dismiss any claim under the Virginia Human Rights Act.

### I

In her Second Amended Complaint, the plaintiff, Diane Audas Collins, alleged that while an employee of certain corporate defendants, she was subjected to "sexual [sic] explicit comments" and "offensively touched" by the defendant Bobby D. Franklin, a shareholder, vice-president and employee of the corporate defendants. This conduct was alleged to be in violation of both state and federal law. Thereafter, I dismissed the corporate defendants on the ground that the plaintiff had agreed to a settlement of her claim against them, leaving Franklin as the sole remaining defendant.

Franklin has moved to dismiss the federal claim against him on the ground that as an individual he cannot be held liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (West 1994 & Supp.2000) ("Title VII"), for sexual discrimination, including sexual harassment. The defendant also seeks to dismiss any state law causes of action on the ground of lack of subject matter jurisdiction and failure to state a claim. The motion to dismiss is now ripe for decision.

## II

■ The defendant is correct that circuit precedent precludes individual employee or supervisor liability for sexual harassment under Title VII. *See Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180–81 (4th Cir.1998). While Franklin is also alleged to be a shareholder, that alone does not make him an employer. *See Humphreys v. Medical Towers, Ltd.,* 893 F.Supp. 672, 688–89 (S.D.Tex.1995) (holding that the fact that an individual was sole shareholder and president and thus controlled corporation that was employer of plaintiff insufficient to impose individual liability under Title VII), *aff'd,* 100 F.3d 952 (5th Cir.1996) (unpublished table decision). Accordingly, the plaintiff's federal cause of action must be dismissed.[1]

## III

■ Where the sole federal claim is dismissed, even where the court's jurisdiction was invoked because of the federal question, the court has the discretion to consider state causes of action pursuant to its supplemental jurisdiction. *See* 28 U.S.C.A. § 1367(c) (West 1993). However, it is not necessary to exercise that discretion in this case, since it is alleged that with the dismissal of the corporate defendants, there is diversity of citizenship between the remaining parties, and thus non-federal question jurisdiction exists. While the citizenship of the parties is determined as of the time of filing of the action, it is permissible to exercise diversity jurisdiction once any non-diverse parties have been dismissed. *See Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 691 (4th Cir.1978). For this reason, the mo-

tion to dismiss for lack of jurisdiction will be denied.

## IV

■ The defendant also asserts that the plaintiff has failed to state a claim under state law because the Virginia Human Rights Act, Va.Code Ann. §§ 2.1–714 to 725 (Michie 1995 & Supp.2000), creates a cause of action only against employers employing more than five but less than fifteen employees, and then only for wrongful discharge. *See* Va.Code Ann. § 2.1–725.B (Michie Supp.2000). Since this action is not against the plaintiff's employer, but against an individual alleged to be the harasser, I hold that there is no claim under the Virginia Human Rights Act, even if the plaintiff's employer had less than fifteen employees. Moreover, the plaintiff's action here is not based on wrongful discharge.

■ The plaintiff has also alleged state causes of action for common law assault and battery and for intentional infliction of emotional distress. Such causes of action are not based on the policies of the Virginia Human Rights Act, and thus are not foreclosed by that act's strictures. *See Mitchem v. Counts,* 259 Va. 179, 523 S.E.2d 246, 250 (2000) (holding that Virginia Human Rights Act does not preclude cause of action for wrongful termination based on the public policies against fornication and lewd and lascivious behavior).

The standard of proof for intentional infliction of emotional harm is high under Virginia law, and the plaintiff may be unable to meet that standard. *See Douglas v. Dabney S. Lancaster Community College,* 990 F.Supp. 447, 465–66 (W.D.Va. 1997) (granting summary judgment to de-

---

1. The defendant also contends that the plaintiff has failed to allege that she has received a notice of right to sue from the Equal Employment Opportunity Commission, and thus the court is without jurisdiction to consider the Title VII claim. It is not necessary for me to reach this contention.

fendants as to claim of intentional infliction of emotional harm based on allegations of sexual harassment in employment). However, regardless of any later consideration of her proof in this regard, the plaintiff has adequately pleaded such a cause of action.

Accordingly, I will grant the motion to dismiss as to any cause of action pursuant to the Virginia Human Rights Act, but deny it otherwise.

## V

For the foregoing reasons, it is **ORDERED** that the defendant's motion to dismiss is granted as to any cause of action based upon or arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (West 1994 & Supp. 2000) or the Virginia Human Rights Act, Va.Code Ann. §§ 2.1–714 to 725 (Michie 1995 & Supp.2000); otherwise, the motion to dismiss is denied.